# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JERMAINE D. OLIVER,** | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-00153-JB-N |
| | ) |
| **ADOC,** *et al.*, | ) |
|     **Defendants.** | ) |

## REPORT AND RECOMMENDATIONS

By previous order, Plaintiff Jermaine D. Oliver, a former Alabama prisoner now on parole who is proceeding *pro se*, was granted leave to proceed in this action without prepayment of fees and costs, or *in forma pauperis*, under 28 U.S.C. § 1915. As such, his complaint is subject to 28 U.S.C. § 1915(e)(2), which states, in relevant part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that…the action…fails to state a claim on which relief may be granted; or…seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).[1]

---

[1] The assigned District Judge has referred the motion to the undersigned Magistrate Judge for appropriate action in accordance with 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (4/1/2019 electronic reference).

Oliver's complaint (Doc. 1)² was filed on this Court's form complaint for prisoners to use when asserting claims under 42 U.S.C. § 1983.³ The complaint, which seeks only monetary relief, names the Alabama Department of Corrections (ADOC) as a defendant. However, ADOC is immune from § 1983 claims under the Eleventh Amendment to the United States Constitution. *See Gramegna v. Johnson*, 846 F.2d 675, 677 (11th Cir. 1988) ("[T]he Supreme Court has held that a suit directly against the Alabama Department of Corrections is barred by the eleventh amendment." (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978))). Additionally, to the extent Oliver is suing any of the named prisoner official defendants in their official capacities, the officials are also immune from Oliver's claims for the same reason ADOC is, as "official capacity suits represent 'only another way of pleading an action against an entity of which an officer is an agent,' and a victory against a named individual in an official capacity suit is 'a victory against the entity that employs him.' " *Hobbs v. Roberts*, 999 F.2d 1526,

---

² In reviewing Oliver's complaint, the undersigned is aware that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers…" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and quotations omitted). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

³ As Oliver is not currently a prisoner, he was not required to use the Court's form complaint. See S.D. Ala. CivLR 9(c) ("Prisoners appearing *pro se* who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk using the form available from the Court.").

1530 (11th Cir. 1993) (per curiam) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985)). Accordingly, all of Oliver's federal claims against ADOC and the prison officials in their official capacities are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

Oliver's federal claims are also due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). A complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' " *Id.* at 1289 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, in order to state claim upon which relief may be granted, "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). While this "plausibility standard is not akin to a 'probability requirement' at the pleading stage, … the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Id.* (quoting *Twombly*, 550 U.S. at 556). Under the plausibility standard, " 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not "show [n]"—"that the pleader is entitled to relief." ' " *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2))).

Oliver's causes of action arise from an incident occurring November 5, 2017, in which Oliver, while still incarcerated, was stabbed by another inmate, Charles Timmes, at ADOC's Fountain Correctional Facility in Atmore, Alabama. The complaint generally alleges that certain Fountain prison officials failed to protect Oliver from the attack and that they were "trying to protect [Timmes] even after he admitted to doing it and everything on camera and witnesses everywhere."   (Doc. 1 at 4).   Oliver names three prison officials as defendants in the style of his complaint – Warden Peterson, Officer Moore, and Officer Iber. The two officers, however, are not mentioned in the body of the complaint, and Oliver fails to allege any specific facts of how they were involved in the incident underlying his claims.

As for Warden Peterson, Oliver alleges only that he was "not doing his job protecting me as an inmate" and "he is responsible for his officers."   (Doc. 1 at 5). However, it "is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."   *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation omitted).   "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between

the actions of a supervising official and the alleged constitutional deprivation. The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (citations and quotations omitted). Oliver has failed to allege facts plausibly indicating that Warden Peterson is subject to supervisory liability under any of these theories.[4]

Moreover, Oliver fails to plausibly allege a § 1983 claim in general. It is true that "[p]rison officials have a duty to protect prisoners from violence at the hands of other prisoners[,]" and a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment[,]" thus giving rise to a cause of action under § 1983. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam) (quotations omitted) (alterations added). "It is not, however, every injury suffered by one inmate at the hands of another

---

[4] Oliver's conclusory allegation that the attack occurred as a result of "custom in [sic] practice ADOC violation of protection from correctional officers" (Doc. 1 at 4) is insufficient, as " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 678).

that translates into a constitutional liability for prison officials responsible for the victim's safety. An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk … To be deliberately indifferent, Defendants must have been subjectively aware of the substantial risk of serious harm in order to have had a sufficiently culpable state of mind." *Id.* (citations and quotations omitted). Here, Oliver fails to allege any facts plausibly indicating that any of the prison official defendants were subjectively aware that Oliver was at risk of being attacked by Timmes, or other inmates in general, prior to the attack occurring, or how they unreasonably responded to any such risk. The mere fact that Oliver was attacked by Timmes while a prisoner, without more, cannot sustain a claim under § 1983 for deliberate indifference in failing to protect.[5]

To the extent Oliver asserts claims under state law – at the very least, he clearly asserts state law claims for assault and battery against Timmes[6] – the

---

[5] To the extent Oliver claims that the prison official defendants are protecting Timmes from being held responsible for the attack, such a claim fares no better under § 1983, as "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

[6]    Timmes is not subject to suit under § 1983 because he cannot fairly be considered to have been acting under color of state law when he attacked Oliver. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("A successful section 1983 action requires a showing that the conduct complained of [] was committed by a person acting under color of state law…").

undersigned expresses no opinion on their merits at this time. However, as explained above, all of Oliver's federal claims, over which this Court has original jurisdiction under 28 U.S.C. § 1331,[7] are due to be dismissed. While the Court

---

"While only state actors are subject to a section 1983 claim, a [42 U.S.C. §] 1985(3) action may be brought against anyone conspiring to deprive another of the equal protection of the laws, or of equal privileges and immunities under the laws." *Burrell v. Bd. of Trs. of Ga. Military Coll.*, 970 F.2d 785, 793 (11th Cir. 1992). However, "[u]nlike a claim under section 1983, which does not need to assert a specific intent to deprive another of a federal right, a claim under section 1985(3) must allege a class-based, invidiously discriminatory purpose behind the defendants' action." *Id.* (citation and footnote omitted). "More specifically, [a § 1985(3) claim] requires a showing of some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* (quotations omitted). Oliver's complaint does not plausibly allege facts indicating any such invidious discriminatory animus, or that the defendants conspired together in general.

[7] "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). After dismissal of Oliver's federal claims, none of the remaining claims would be subject to original jurisdiction under a specific statutory grant. Diversity jurisdiction does not apply because ADOC is an arm of the state of Alabama and is thus not a "citizen" for purposes of § 1332. *See Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.*, 861 F.3d 1234, 1235 (11th Cir. 2017) ("While Congress has authorized diversity jurisdiction over suits between 'citizens of different States,' 28 U.S.C. § 1332(a)(1), that authorization does not extend to suits between a state and a citizen of another state because 'a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332,' *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (citing *Moor v. Alameda Cty.*, 411 U.S. 693, 717, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973)). Similarly, the statutory authorization does not extend to suits between '[a] public entity or political subdivision of a state' and a citizen of another state, if the entity or division is 'simply an "arm or alter ego of the State."' *Univ. of S. Ala.*, 168 F.3d at 412 (citing *Moor*, 411 U.S. at 717–18, 93 S. Ct. 1785). 'Therefore, if a party is deemed to be "an arm or alter ego of the State," then diversity jurisdiction must fail' under 28 U.S.C. § 1332(a)(1). *Univ. of S. Ala.*, 168 F.3d at 412."). Moreover, Oliver has not alleged the citizenships of any of the parties, and the record indicates that the natural person parties are all likely Alabama

can exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), the Court "may decline to exercise supplemental jurisdiction over [those claims] if [it] has dismissed all claims over which it has original jurisdiction[,]" 28 U.S.C. § 1367(c)(3), and the law of this Circuit "ha[s] encouraged district courts to dismiss any remaining state claims when … the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam). Given that this action has not progressed beyond the filing of the complaint, the undersigned finds such dismissal appropriate here in light of Oliver's failure to allege a viable federal claim.

Oliver was granted leave to proceed *in forma pauperis* in this action. "A party who was permitted to proceed in forma pauperis in the district-court action…may proceed on appeal in forma pauperis without further authorization, unless…the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding…" Fed. R. App. P. 24(a)(3)(A). *See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the

---

citizens.

appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).   In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned finds that any appeal by Oliver in this action would be without merit and therefore not taken in good faith, and will therefore recommend that the Court certify as such.[8]

---

[8] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, Oliver may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

Accordingly, and pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1), the undersigned **RECOMMENDS** that all of Oliver's federal claims be **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and that the federal claims against ADOC and the prison official defendants in their official capacities be **DISMISSED without prejudice** alternatively under 28 U.S.C. § 1915(e)(2)(B)(iii) due to Eleventh Amendment immunity.  The undersigned further **RECOMMENDS** that, after dismissing all of Oliver's federal claims, the Court decline to continue exercising supplemental jurisdiction over his state law claims, **DISMISS** those claims **without prejudice**, and enter final judgment accordingly.[9]  Finally, the undersigned **RECOMMENDS** that the

---

[9]    Generally, "[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (per curiam) (unpublished) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)).  *See also id* n.3 ("Although *Wagner* overruled *Bank* as to counseled litigants, it specifically stated that it did not address pro se litigants. *See Wagner*, 314 F.3d at 542 n.1. Thus, the *Bank* rule remains applicable to *pro se* litigants when their complaints are dismissed with prejudice. *Id*.").  Here, however, the Court need not do so because undersigned is recommending dismissal without prejudice.  "A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file." *Stephenson v. Warden, Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam) (unpublished).

It is true that "where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Id*.  However, this concern is not present here, as Oliver alleges that the event underlying his claims occurred on November 5, 2017.  Because all of his claims are subject to a

Court certify that any appeal by Oliver in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

   **DONE** this the 28th day of June 2019.

>    */s/ Katherine P. Nelson*
>    **KATHERINE P. NELSON**
>    **UNITED STATES MAGISTRATE JUDGE**

---

2-year statute of limitations, Oliver still has several months in which to re-file them.  *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (per curiam) (" 'All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.' *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (quotation omitted). In Alabama, … that limitations period is two years. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) ('[T]he two-year limitations period … applies to section 1983 actions in Alabama.')."). Moreover, the statute of limitations on Oliver's state law claims is subject to tolling during the pendency of this action under 28 U.S.C. § 1367(d).  *See Artis v. D.C.*, 138 S. Ct. 594 (2018).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.